J-S45039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
        Appellee           :
:
           v.           :
:
JUSTIN BUCHANAN, :
:
        Appellant        :   No. 1901 EDA 2016

Appeal from the Judgment of Sentence April 19, 2016
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004562-2015

BEFORE:   GANTMAN, P.J., PANELLA, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STRASSBURGER, J.:     **FILED SEPTEMBER 11, 2017**

Justin Buchanan (Appellant) appeals from the judgment of sentence imposed following his conviction for carrying a firearm without a license. We affirm.

The trial court aptly summarized the relevant factual and procedural history of this matter as follows.

> At the preliminary hearing held on July 30, 2015, and at the non-jury trial held on April 19, 2016, Officer Jennifer Cocco, Officer Thomas J. Schreiber, and Officer Jon Jagodinski of the Radnor Township Police Department, testified on behalf of the Commonwealth. Officer John Valvardi of the Haverford Police K[-]9 unit also testified on behalf of the Commonwealth during the non[-]jury trial.
>
> On September 12, 2014 at approximately 11:30 p.m., while conducting a DUI checkpoint, Officer Cocco made contact with the driver of an SUV[.] [In addition to the driver and

---

[*] Retired Senior Judge assigned to the Superior Court.

Appellant, there was a female front seat passenger, a female backseat passenger, and two children in the vehicle. Appellant] was a passenger seated in the rear driver's side of the SUV, directly next to a child car seat.

When speaking with the driver of the vehicle, Officer Cocco smelled a strong odor of raw marijuana and requested consent to search the vehicle. The driver provided consent and all occupants were asked to exit the vehicle. During the search of the area behind the driver's seat, Officer Cocco asked the driver whether the rear passenger seat on the driver's side lifts up, as it would be easier to see underneath the seat by lifting it than it would be to crouch down to try to look underneath. The driver confirmed that the seat does lift up, and assisted the officer in lifting the seat. As soon as the driver lifted the seat, a firearm was visible underneath, although was not necessary to lift the seat up to access the firearm.

Officer Cocco testified that from the onset of this encounter, the driver of the vehicle appeared calm and cooperative, and upon lifting the seat and seeing the firearm, the driver appeared surprised. The firearm was a loaded .22 caliber pistol, discovered under the seat where [Appellant] was seated, and was within his reach. The driver gave a written statement to police indicating that he did not own the gun that was found in his car.

Following the observation of the firearm, all occupants of the vehicle were searched for officer safety. Currency in the amount of $787 was found on [Appellant's] person. The odor of raw marijuana remained, but [the marijuana itself] was not readily visible, and a K-9 unit was requested. The K-9 unit "hit" in a location in the very rear of the SUV, in the vicinity of a wheel well tire jack storage area. Upon opening the storage compartment, officers discovered several plastic bags containing vegetable matter, later determined to be a total of 114.47 grams of marijuana. All other items in the back of the SUV, with the exception of a large TV, were baby-related.

Mrs. Hernandez, the passenger seated in the front right passenger seat during this encounter, testified that she and the driver, Felix Santiago, left York, PA to go to Philadelphia to pick up her daughter and grandchildren. At that time, there were no other passengers in the car, there was nothing in the rear of the

vehicle, and the car seats were not in the back seat. Upon their arrival, and at the last moment, they were informed that [Appellant] wanted to go with them. The driver helped [Appellant] put a big TV in the very back of the SUV, and [Appellant] and Mrs. Hernandez's daughter loaded [the] remaining items.

[Appellant] wanted to stop at his mother's house in West Philadelphia, so they drove to [Appellant's] mother's neighborhood and waited for [Appellant], who returned a few hours later. During these few hours, the driver remained in the vehicle, and the passengers only left the vehicle briefly to go to the store around the corner, then returned. [Appellant] returned to the rear driver's side seat and they left the neighborhood around 9:00 p.m.

[Appellant] occupied the rear driver's side passenger seat with a child car seat directly next to him. The firearm was located directly under the seat [Appellant] was seated, and easily within reach. No other occupants in the vehicle would have been within reach of the firearm.

Trial Court Opinion, 1/6/2017, at 1-2 (footnotes and unnecessary capitalization omitted).

Appellant was arrested and charged with, *inter alia*, possession of a firearm without a license and, following a non-jury trial, he was convicted of this offense. On April 19, 2016, Appellant was sentenced to an aggregate term of 20 to 40 months' incarceration. This timely-filed appeal followed. Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

On appeal, Appellant argues that the evidence was insufficient to prove that he had the *mens rea* necessary for constructive possession of the firearm recovered from the vehicle. Appellant's Brief at 4.

We begin by reviewing the relevant legal principles.

The standard we apply in reviewing the sufficiency of the evidence is

[whether,] viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth as the] verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 716 (Pa. Super. 2015) (citation omitted).

To sustain a conviction for the crime of possession of a firearm without a license, the Commonwealth must prove that Appellant carried a firearm "in any vehicle … without a valid and lawfully issued license." 18 Pa.C.S § 6106 (a)(1).  Appellant does not dispute that he lacks a valid firearms license; rather, he confines his argument to whether the Commonwealth carried its burden of proof with respect to possession.

Because the firearm was not found on Appellant's person, the Commonwealth was required to prove constructive possession.

Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. …  We have defined constructive possession as conscious dominion.  We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control.  To aid

- 4 -

application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Brown*, 48 A.3d 426, 430 (Pa. Super. 2012) (quotation marks and citation omitted). "The Commonwealth may sustain its burden by means of wholly circumstantial evidence, and we must evaluate the entire trial record and consider all evidence received against the defendant." *Commonwealth v. Hopkins*, 67 A.3d 817, 820 (Pa. Super. 2013) (citation omitted).

Appellant contends that the Commonwealth improperly based its case "on the fact that Appellant was the closest person in proximity to the firearm" and relied on the "self-serving statements of a co-defendant" to imply that since the driver … stated he did not own the firearm" it must have been Appellant's. Appellant's Brief at 11-12. Additionally, Appellant argues that the Commonwealth offered no testimony to prove that Appellant had knowledge of the firearm or intended to exercise dominion and control over it. *Id.*

The trial court determined that the evidence was sufficient to support Appellant's conviction. Trial Court Opinion, 1/6/2016, at 3. Our review of the record shows that it was reasonable for the trial court, sitting as factfinder, to conclude from the evidence presented, giving credit to the officers' testimony and that of the vehicle's other occupants, that Appellant

constructively possessed the firearm.[1]  The evidence demonstrated that Appellant was a last minute addition to the trip.  Prior to their departure, Appellant loaded a number of personal items into the vehicle.  When the SUV was pulled over, Appellant was seated in the backseat, behind the driver and next to a car seat.  By virtue of his location, Appellant was the only person with access to the firearm.  The driver, who was, by all accounts, calm and collected during the search of his vehicle, expressed surprise at the discovery of the firearm and explained to officers that it was not his.

"Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not."  **Commonwealth v. Jackson**, 659 A.2d 549, 551 (Pa. 1995) (quoting **Commonwealth v. Mudrick**, 507 A.2d 1212, 1213 (Pa. 1986)). It is well established that "the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Commonwealth v. Hughes**, 908 A.2d 924, 928 (Pa. Super. 2006). Here,

---

[1] **See**, **e.g.**, **Commonwealth v. Love**, 896 A.2d 1276, 1283 (Pa. Super. 2006) ("We may not weigh the evidence or substitute our judgment for that of the fact-finder.  …  When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part, or none of the evidence.")

the evidence was sufficient to permit the trial court to conclude that Appellant constructively possessed the gun. Accordingly, Appellant's claim fails.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/11/2017